552 So.2d 73 (1989)
Pearl A. KING,
v.
AETNA LIFE & CASUALTY, et al.
No. 88-708.
Court of Appeal of Louisiana, Third Circuit.
November 8, 1989.
Writ Denied January 19, 1990.
*74 Jack F. Owens, Jr., Harrisonburg, for plaintiff/appellant.
Theus, Grisham, David Nelson, Monroe, for defendant/appellee.
Before DOMENGEAUX, GUIDRY and FORET, JJ.
GUIDRY, Judge.
Pearl A. King allegedly suffered damages in an automobile accident which occurred on August 12, 1986 when an automobile occupied by her and driven by Sharon D. Harper was struck from the rear by a pickup truck driven by Ronald L. Randall, the minor son of Charles L. Randall. On June 26, 1987, Pearl King filed this suit against Charles L. Randall, the father and natural tutor of Ronald L. Randall and Aetna Casualty and Surety Company (hereinafter Aetna), the liability carrier for Charles L. Randall and the UM carrier of Sharon D. Harper.[1] Plaintiff prayed for a trial by jury. On June 27, 1987, the trial court granted plaintiff's motion to proceed in forma pauperis. However, by order dated December 7, 1987, the trial court rescinded its prior order of June 27, 1987 because of plaintiff's failure to comply with *75 La.C.C.P. art. 5183.[2] Additionally, the order granted plaintiff's request for a jury trial but required a jury bond in the amount of $2,500.00 to be posted by January 1, 1988. On December 23, 1987, plaintiff filed a third party affidavit pursuant to La.C.C.P. art 5183 but failed to post the necessary jury bond as ordered by the trial court or to have reinstated the trial court's prior order granting pauper status and allowing a jury trial without bond.
On August 5, 1987, prior to trial, Aetna unconditionally tendered to Pearl the sum of of $2,200.00.
This matter went to trial on February 1, 1988. On that date, counsel for plaintiff moved for a continuance urging that plaintiff had not abandoned her request for a jury trial without bond arguing that the defect in her previous filings had been cured by the filing of a third party affidavit on December 23, 1987. The trial court denied the motion for a continuance alluding to the circumstances that the motion was untimely; no jury bond had been posted; and, no order had been secured reinstating the plaintiff to pauper status and allowing a jury trial without bond. At trial, Aetna stipulated to its liability and the parties stipulated that Aetna paid the sum of $2,200.00 to Pearl King. After a trial on the merits, for written reasons assigned, the trial court found plaintiff entitled to general damages in the amount of $2,000.00 and special damages (medical expenses) in the amount of $200.00. Observing that, prior to trial, Aetna had paid plaintiff the amount awarded, the court ordered that the judgment reflect that it had been fully satisfied. Plaintiff was taxed with all costs. Plaintiff appealed.

FACTS
On August 12, 1986, Pearl King, age 69, was a guest passenger sitting on the rear seat of a Ford LTD being driven by her granddaughter Sharon D. Harper. While stopped in the roadway, preparing to make a left turn, the Harper vehicle was struck at the extreme right rear corner by a pickup truck driven by Ronald L. Randall, who attempted to avoid the collision by applying his brakes and swerving right. Pearl allegedly suffered a soft-tissue low back injury as a result of the accident.
On appeal, she urges trial error in the following particulars:
1. The trial court erred when it disallowed plaintiff a trial by jury.
2. The trial court erred when it awarded plaintiff only $2,200.00 in damages.
3. The trial court erred when it failed to award penalties and attorney's fees pursuant to La.R.S. 22:658.
4. The trial court erred when it assessed all costs to plaintiff.

TRIAL BY JURY
Appellant argues that the trial court erred when it did not allow plaintiff a jury trial. We disagree.
The record reflects that plaintiff originally prayed for a jury trial and to be allowed to prosecute her claim in forma pauperis. The trial judge granted leave to plaintiff to proceed in forma pauperis. However, the trial court rescinded its prior order because of plaintiff's failure to comply with La.C. C.P. art. 5183, i.e., failure to file an affidavit of poverty signed by a third person other than her attorney. In the same order rescinding pauper status, the trial court granted plaintiff a jury trial contingent upon plaintiff posting jury bond by January 1, 1988. Plaintiff did not post the requisite bond but later filed a third party affidavit on December 23, 1987. Plaintiff did not thereafter seek an order reinstating her to pauper status and reinstating the order for a jury trial without bond but waited until the day of trial and then sought a continuance. We find no clear error in the trial court's disallowance of a jury trial under the circumstances of this case. Plaintiff had ample time, following *76 the filing of the third party affidavit, to secure an order reinstating her to pauper status and allowing a jury trial without bond. Her attempt to rectify this procedural error on the day of trial was untimely and the trial court did not clearly err when it refused to allow a continuance and proceeded to trial.

DAMAGES
Plaintiff urges that the trial court's award of $2,200.00 in damages is inadequate.
Pearl did not complain of injury at the scene of the accident. She did not require any emergency care. She stated that about an hour post accident, after shopping at a local store, she began to experience pain in her lower back. She was taken to the Catahoula Memorial Hospital emergency room by car where she was examined by Dr. Charles Passman, a general practitioner. Pearl complained of pain in her low back. Dr. Passman's physical examination revealed muscle tenderness in the lumbosacral area. However, x-rays taken by Dr. Passman were normal. Dr. Passman prescribed an anti-inflammatory drug and muscle relaxant but did not restrict Pearl's activities. He treated Pearl conservatively from August 12, 1986 to October 20, 1986, on which latter date Pearl was released because she was symptom free. During the course of treatment, plaintiff complained of low back soreness associated with bending and stooping. Dr. Passman testified that Pearl had reached complete recovery as of October 20, 1986.
In sum, the record reflects that Pearl suffered a mild low back injury as a result of the accident. The objective findings of her examining and treating physician were essentially negative. All physical complaints ceased as of October 20, 1986. There is no evidence that plaintiff's activities were curtailed to any degree for any period of time. Under the circumstances, we find no abuse of discretion in the trial court's award.

PENALTIES AND ATTORNEY'S FEES
Appellant next contends that the trial court erred when it failed to award penalties and attorney's fees pursuant to La. R.S. 22:658.
In Moran v. Wilshire Insurance Co., 520 So.2d 1173 (La.App. 3rd Cir.1988), a panel of this court stated, at page 1179 that:
"Penalties and attorney's fees under LSA-R.S. 22:658 can only be awarded if the insurer is found to be arbitrary, capricious, or without probable cause. The penalty provisions of LSA-R.S. 22:658 are stricti juris and are imposed in only those instances where the facts show that the insurer's failure to timely pay insurance benefits is arbitrary, capricious, or without probable cause. Carter v. American Mut. Liability Ins. Co., 386 So.2d 1072 (La.App. 3rd Cir.1980)."
The record contains no evidence to establish the precise date on which Aetna was notified of plaintiff's claim for damages and for reimbursement of medical expenses. Aetna was served with a copy of plaintiff's petition through the Secretary of State on June 29, 1987. On August 5, 1987, less that 60 days following service of process, Aetna unconditionally tendered checks to plaintiff totalling $2,200.00 as reimbursement for medical expenses and her general damages. Under these circumstances, we find no error in the trial court's refusal to award penalties and attorney's fees.

COURT COSTS
Appellant argues that the trial court erred in casting her with all court costs.
La.C.C.P. art. 1920 reads as follows:
"Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable."
In the instant case, defendant, Aetna, made unconditional tender prior to trial of the exact amount of damages determined to be due by the trial court. Under these *77 circumstances, we find no clear abuse of the trial court's discretion in taxing costs to plaintiff. See Liwerant v. Boston Insurance Company, et al, 198 So.2d 925 (La. App. 4th Cir.1967).
Considering the payment made by defendant to plaintiff prior to trial, the trial court dismissed plaintiff's suit. This was error. The judgment of the trial court should have been rendered in favor of plaintiff in the amount of $2,200.00 plus interest from date of judicial demand to the date of payment, subject to an offset in the amount of $2,200.00. We will amend the judgment of the trial court accordingly.
For the above and foregoing reasons, we amend the judgment of the trial court to award plaintiff the sum of $2,200.00 plus legal interest from date of judicial demand until paid, subject to an offset in the amount of $2,200.00. In all other respects, the judgment of the trial court is affirmed. Appellant is cast with all costs of this appeal.
AFFIRMED AS AMENDED.
NOTES
[1] Sharon D. Harper was not a party to this lawsuit but filed her own suit which was consolidated for trial purposes with this suit.

Plaintiff's petition as well as the judgment rendered herein erroneously refer to Aetna Casualty and Surety Company as Aetna Life and Casualty.
[2] La.C.C.P. art. 5183 provides that parties desiring to proceed in forma pauperis must annex to their petition their own affidavit and that of a third party other than their attorney attesting to their dire financial condition and inability to pay court costs in advance.