602 So.2d 784 (1992)
Joe REED, Husband of/and Dorothy Reed,
v.
ST. CHARLES GENERAL HOSPITAL, et al.
Nos. 89-CA-1754, 91-CA-0114, 91-CA-1080 and 91-C-2533.
Court of Appeal of Louisiana, Fourth Circuit.
July 1, 1992.
*785 Russ M. Herman, Mark R. Wolfe, Charles O. Taylor, Matthew Chenevert, Herman, Herman, Katz & Cotlar, New Orleans, for Joe Reed and Dorothy Reed.
Edward A. Rodrigue, Jr., Terry B. Deffes, Boggs, Loehn & Rodrigue, New Orleans, for Drs. Simpson, Treuting and Pathology Laboratory.
Leo R. Hemelt, II, Frederick H. Dwyer, Windhorst, Gaudry, Tally & Ranson, Harvey, for St. Charles General Hosp.
Robert J. Young, Jr., Robert J. Young III, Robert T. Myers, Young, Richaud, Theard & Myers, New Orleans, for Blood Center for Southeast Louisiana.
John D. Rawls, New Orleans, for amici curiae, Vanessa M. and Kevin A. Lloyd.
Robert J. Kellog, and William Byrne, Jr., New Orleans, for amici curiae Aidslaw of Louisiana, Inc. No/Aids Task Force, Inc. and United Services for Aids Foundation, Inc.
Before BARRY, CIACCIO and WALTZER, JJ.
PER CURIAM.
Joe and Dorothy Reed filed a medical malpractice claim and several amended petitions dating from September 14, 1988 through October 10, 1990, relating to Mr. Reed contracting AIDS through a blood transfusion in 1985 and transmitting it to his wife. The defendants are NME, Inc. d/b/a St. Charles General Hospital, The Blood Center for Southeast Louisiana, St. Paul Fire and Marine, and Drs. M.G. Simpson and Robert E. Treuting d/b/a The Pathology Lab, Inc. The Reeds also alleged the unconstitutionality of LSA-R.S. 40:1299 et seq., the medical malpractice review panel statutes and LSA-R.S. 9:5628, the medical malpractice prescription statute. The petitions were served upon the Attorney General on April 23, 1990, but he did not file a response.
LSA-R.S. 49:257(B) provides:
Notwithstanding any other law to the contrary, the attorney general, at his discretion, shall represent or supervise the representation of the interest of the state in any action or proceeding in which the constitutionality of a state statute or of a resolution of the Legislature is challenged or assailed.
LSA-R.S. 13:4448 provides:

Prior to adjudicating the constitutionality of a statute of the state of Louisiana, the courts of appeal and the Supreme Court of Louisiana shall notify the attorney general of the proceeding and afford him an opportunity to be heard. The notice shall be made by certified mail. No judgment shall be rendered without compliance with the provisions of this Section: provided where the attorney general was not notified of the proceeding, the court shall hold adjudication of the case open pending notification of the attorney general as required herein. (emphasis supplied).
A review of this Court's docket sheets indicates that this court did not notify the Attorney General. Accordingly, the Clerk of this Court shall serve a copy of all *786 pleadings and this Per Curiam on the Attorney General by certified mail with an explanatory cover letter and a request that the Attorney General file a response.
On October 29, 1990 the trial court granted the exception of prescription filed by St. Charles General Hospital. On November 2, 1990 Mrs. Reed (Mr. Reed had died) filed a motion for new trial based on case law on contra non valentem. She requested a Sibley hearing and noted that the trial court had maintained the hospital's exception without allowing her an opportunity to amend pursuant to La.C.C.P. art. 934. The trial court denied her motion on November 5, 1990. On November 7, 1990 the trial court issued an amended judgment which maintained St. Charles General Hospital's exception of prescription, but allowed the Reeds fifteen days to amend their petition. That judgment has been appealed.
On November 8, 1990 Mrs. Reed filed a "Supplemental Motion For New Trial" and argued that she pled the unconstitutionality of the three year statute but had not briefed or argued it. She requested an opportunity to submit depositions to show that the hospital knew of blood transfusion dangers but failed to warn Mr. or Mrs. Reed. The motion cited a Kentucky Supreme Court opinion holding its statute unconstitutional. The trial court denied the motion on December 10, 1990.
The November 7, 1990 amended judgment which granted time to amend is invalid. La.C.C.P. art. 1951 provides:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance: or
(2) To correct errors of calculation.
Because a substantive change was made, the amended judgment is a nullity and is vacated. See: Davenport v. Amax Nickel, Inc., 569 So.2d 23 (La.App. 4th Cir.1990), writ denied 572 So.2d 68 (La. 1991). The October 29, 1990 judgment did not give the Reeds time to amend and is reversed. This matter is remanded to afford an opportunity to allege facts relating to the third category of contra non valentem, as well as to add additional parties or causes of action. See: Whitnell v. Menville, 540 So.2d 304 (La.1989). Mrs. Reed has 30 days from the date of this opinion to amend.
On February 15, 1991, the trial court rendered judgment on the exception of prescription filed by Drs. Simpson and Treuting and The Pathology Laboratory. That judgment, also on appeal, provides:
IT IS ORDERED, ADJUDGED, AND DECREED that the Exceptions of Prescription brought by M.G. Simpson, M.D. and Robert E. Treuting, M.D., brought in their capacity as physicians, be and the same are hereby maintained, dismissing the claims of the plaintiffs, with prejudice, and at their cost.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Exception of Prescription brought by The Pathology Laboratory, M.G. Simpson, M.D., Robert E. Treuting, M.D., in their capacity as warrantors, be and the same hereby is overruled and dismissed.
Because the November 7, 1990 judgment is a nullity and the October 29, 1991 judgment is reversed and Mrs. Reed has an opportunity to amend the original petition, the February 15, 1991 judgment relative to prescription is set aside. The issue of prescription may be re-urged in due course.
The trial court erred by failing to rule on the issue of constitutionality and in failing to hold the requisite evidentiary hearing (requested by Mrs. Reed) under Sibley v. Board of Supervisors of Louisiana State University,477 So.2d 1094, 1104 (La.1985). This case is remanded to the trial court with orders that the trial court judge hold a Sibley hearing and to issue a finding as to whether R.S. 9:5628 is in the "public interest". Mrs. Reed, the defendants, and the Attorney General, as well as any interested amicus curiae are allowed to submit evidence on this issue.
Also pending before this court is writ # 91-C-2533. Drs. Simpson, Treuting, and The Pathology Laboratory filed an exception of no cause of action on the basis that *787 no claim has been made as to warranty of blood products. On September 23, 1991 the trial court denied the exception of no cause of action. We affirm that ruling.
Also before this Court is an "Interlocutory Appeal" which we will consider as a writ application. It relates to the July 14, 1989 judgment which orders the Blood Center to provide the names of their Board of Directors. The trial court erred because Board members have no liability for an act or omission by the Blood Center under LSA-R.S. 9:2792. That judgment is reversed.
Accordingly, for the reasons discussed, the July 14, 1989 judgment is reversed; the September 23, 1991 judgment is affirmed; the November 7, 1990 judgment is vacated; the October 29, 1990 judgment is reversed; the February 15, 1991 judgment is set aside and the matter is remanded for a Sibley hearing.
JULY 14, 1989
JUDGMENT REVERSED;
SEPTEMBER 23, 1991
JUDGMENT AFFIRMED;
NOVEMBER 7, 1990
JUDGMENT VACATED;
OCTOBER 29, 1990
JUDGMENT REVERSED;
FEBRUARY 15, 1991
JUDGMENT SET ASIDE;
REMANDED.