617 So.2d 970 (1993)
Jeffery BORCHARDT and Mary Borchardt, Individually and on Behalf of Their Minor Daughter, Adrienne Borchardt
v.
Bruce P. CARLINE, Sovereign Fire and Casualty Insurance Company, and/or Allstate Insurance Company.
No. 92-CA-1332.
Court of Appeal of Louisiana, Fourth Circuit.
April 15, 1993.
Writ Denied June 25, 1993.
*971 John H. Wells, New Orleans, for plaintiffs/appellees.
William H. Voigt, Jeffery W. McDonald, Blue, Williams & Buckley, Metairie, for defendant/appellant, Louisiana Ins. Guar. Ass'n.
Eileen Z. Tillery, New Orleans, for defendant/appellee, Allstate Ins. Co.
*972 Before BARRY, WARD and ARMSTRONG, JJ.
BARRY, Judge.
The Louisiana Insurance Guaranty Association (LIGA) appeals a judgment for $9,500 based on a settlement between Mr. and Mrs. Borchardt and Sovereign Fire and Casualty Insurance Company prior to its insolvency.
On February 13, 1989 Mrs. Borchardt, while pregnant with her daughter Adrienne, was injured when her stopped automobile was struck from behind by Bruce Carline's vehicle. On February 6, 1990 Mr. and Mrs. Borchardt, individually and on behalf of Adrienne, sued Mr. Carline and his insurer, Sovereign, for damages. Mr. and Mrs. Borchardt also sued their uninsured carrier, Allstate Insurance Company.
The matter was settled on March 6, 1991. The transcript shows that Mr. Carline and Sovereign would pay Mr. and Mrs. Borchardt $9,500 "in full and final settlement of their claims against them." Allstate agreed to pay Mr. and Mrs. Borchardt $3,000 "in full and final settlement of all claims that the plaintiffs have against Allstate." Mr. and Mrs. Borchardt agreed to "release all defendants with prejudice...." Mr. and Mrs. Borchardt accepted Allstate's check on March 6, 1991 and negotiated it.
After Sovereign did not pay within thirty days, on April 22, 1991 Mr. and Mrs. Borchardt filed a motion for a judgment, penalties and attorney's fees. Sovereign was declared insolvent on May 29, 1991. On January 3, 1992 Mr. and Mrs. Borchardt filed a motion to substitute LIGA for Sovereign and to convert the settlement to a judgment. LIGA's opposition argued that it was not a party to the proceedings and could not be substituted. Alternatively, LIGA argued that it had the right to halt the lawsuit until it could investigate the claim and/or move to annul under La.R.S. 22:1382(A)(4). LIGA also argued that it had a defense based on La.R.S. 22:1386, which requires Mr. and Mrs. Borchardt to exhaust the limits of any other insurance policy including uninsured motorist coverage before LIGA becomes liable.
On January 21, 1992 Mr. and Mrs. Borchardt filed a supplemental and amending petition to substitute LIGA in place of Sovereign as a proper party defendant. On February 20, 1992 LIGA answered and affirmatively pleaded that Mr. and Mrs. Borchardt had to exhaust all insurance coverage before it was liable. On March 6, 1992 Mr. and Mrs. Borchardt filed another motion to reduce the settlement to a judgment. Allstate filed a motion for summary judgment on March 11, 1992 which was never ruled on.
The trial court rendered judgment on March 25, 1992 in favor of Jeffery Borchardt and against "the Louisiana Insurance Guarantee [sic] Association, according to the terms of the settlement entered on March 6, 1991." The trial court rendered an amended judgment on April 16, 1992 in favor of Jeffery and Mary Borchardt and against "the Louisiana Insurance Guaranty Association, in the sum of $9,500.00, plus interest and costs from January 21, 1992, until paid."
LIGA submits two assignments: (1) the trial court erred by substituting LIGA in the settlement which Sovereign reached prior to its insolvency; (2) the trial court erred by holding LIGA liable for $9,500 after LIGA contested the settlement under La.R.S. 22:1382 and La.R.S. 22:1386.

THE AMENDED JUDGMENT
A judgment was rendered on March 25, 1992 in favor of Mr. Borchardt and against LIGA according to the March 6, 1991 settlement. The record does not have a motion for a new trial. On April 16, 1991 the court rendered an amended judgment in favor of Mr. and Mrs. Borchardt and against LIGA for $9,500 plus interest from January 21, 1992 (the date the supplemental and amending petition adding LIGA as a party was filed) and costs.
La.C.C.P. art. 1951 allows amendments to a judgment to correct calculation errors or to alter phraseology. A trial court cannot alter the substance. Reed v. St. Charles General Hospital, 602 So.2d 784 (La.App. 4th Cir.1992). The changes to *973 the amended judgment are substantive. Mrs. Borchardt was added as a plaintiff, the amount was set at $9,500 plus interest from January 21, 1992 and costs.
The amended judgment is a nullity and is vacated.

THE SETTLEMENT
The March 25, 1991 judgment was rendered pursuant to the March 6, 1991 settlement. The notes of evidence transcribed that day show that a settlement was reached by Sovereign ($9,500) and Allstate ($3,000) with Mr. and Mrs. Borchardt.
A transaction has a force equal to the authority of things adjudged between the interested parties. It cannot be attacked on account of an error in law or lesion. La.C.C. art. 3078. A transaction may be rescinded when there exists an error in the person or in the matter in dispute. It may also be rescinded where there exists fraud or violence. La.C.C. art. 3079.
A compromise agreement to avoid litigation is favored by law. A settlement is not invalidated in the absence of bad faith, error or fraud. Adams v. Adams, 529 So.2d 877 (La.App. 4th Cir.1988), writ denied, 533 So.2d 363 (La.1988). "[A] valid compromise ... functionally and theoretically nullifies the antecedent obligation which it compromises, so that the antecedent obligation may no longer exist to provide a self-subsistent cause of action...." Sailling Wiping Cloth Company v. Sewell, Inc., 419 So.2d 112, 117 (La.App. 2d Cir.1982).
A consent judgment is a bilateral contract by which the parties adjust their differences by mutual consent, with each party balancing hope of gain against fear of loss. It has binding force from the presumed voluntary acquiescence of the parties, not from the adjudication by the court. A consent judgment may be annulled or rescinded for an error of fact or error of the principal cause of the agreement. Succession of Simmons, 527 So.2d 323 (La.App. 4th Cir.1988), writ denied 529 So.2d 12 (La.1988). The intent of the parties at the time of the consent judgment is irrelevant to the parties' right to annul or rescind the judgment. Relief for error can be granted only when error goes to the principal cause of the contract, an end to the litigation. Id.
LIGA is obligated to the extent of the covered claims which existed prior to Sovereign's insolvency and is deemed the insurer to the extent of its obligation. LIGA has the rights, duties and obligations of the insolvent insurer as if the insurer had not become insolvent. La.R.S. 22:1382 A(1)(a) and (A)(2). The LIGA statutes must be interpreted to protect claimants and policy holders, not to advance the association. Senac v. Sandefer, 418 So.2d 543 (La.1982).
In the recent case of Lastie v. Warden, 611 So.2d 721 (La.App. 4th Cir.1992), writ denied 614 So.2d 64 (La.1993), this Court considered whether LIGA was obligated to honor a good faith compromise made by an insurer (Champion) prior to insolvency regardless of whether LIGA had a valid defense under the policy. This Court said:
LIGA cannot avoid honoring the compromise merely by claiming it was not a party to the agreement. LIGA was not a party to the insurance contract either, but LIGA is clearly Champion's successor in interest by virtue of the statutory law requiring it to stand in the shoes of an insolvent insurer.
* * * * * *
Moreover, LIGA is barred by the res judicata effect of the compromise from raising an issue as to coverage under the policy.
Id. at 721.
In this case LIGA does not attack the settlement based on fraud or error. LIGA's arguments focus on its statutory rights under La.R.S. 22:1382(A)(4) and R.S. 22:1386(A).
La.R.S. 22:1382(A)(4) provides that LIGA shall investigate claims. It sets out the procedure: "On contradictory motion of the association ... a court ... shall enter a formal order annulling any unsatisfactory pre-insolvency settlement ... upon a showing of fraud, ill practice, or where the *974 settlement is clearly excessive...." LIGA did not file a contradictory motion for a hearing where it would have been required to make a showing of fraud, ill practice or excessive award. LIGA has never alleged that the award was excessive. LIGA argues that it has the right to halt the lawsuit to investigate, but never pursued that right in the trial court.
La.R.S. 22:1386(A), a non-duplication of recovery provision, has been amended more than once since the subject accident on February 13, 1989. LIGA argues that the present statute (which requires exhaustion of all insurance including UM coverage by the plaintiff before LIGA is liable) applies which requires that Allstate pay its UM policy limits before LIGA is liable. LIGA contends that the settlement on March 6, 1991 is not final because the consent judgment was appealed.
The March 6, 1991 settlement ended the lawsuit. Allstate paid Mr. and Mrs. Borchardt the agreed upon $3,000. Mr. and Mrs. Borchardt agreed to release all defendants with prejudice. The effect of the settlement was binding on LIGA. Lastie, 611 So.2d at 721.

ATTORNEY'S FEES
Mr. and Mrs. Borchardt request penalties and attorney's fees but they did not comply and file an answer to the appeal. La.C.C.P. art. 2133. Further, LIGA is not liable for penalties and attorney's fees. Bowens v. General Motors Corporation, 608 So.2d 999 (La.1992).

CONCLUSION
The trial court erred by not including Mary Borchardt in its March 25, 1991 judgment. The judgment is amended in favor of Mary Borchardt and Jeffery Borchardt.
The March 25, 1991 judgment does not include the statutory restriction that LIGA is liable for amounts over $100.00 and under $150,000.00 per claim. La.R.S. 22:1382(A)(1)(a). The judgment is reduced by $100.00 to reflect LIGA's deductible.
The judgment, as amended, is affirmed.
AFFIRMED AS AMENDED.