STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-514


CHARLES HARRISON

VERSUS

DR. ANDREW MINARDI, ET AL.


************

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 68,579
HONORABLE THOMAS F. FUSELIER, DISTRICT JUDGE

************

MICHAEL G. SULLIVAN
JUDGE

************

Court composed of Marc T. Amy, Michael G. Sullivan, and James T. Genovese, Judges.


AFFIRMED.

Dean J. Guidry
Attorney at Law
Post Office Box 5255
Lafayette, Louisiana  70502
(337) 266-2250
Counsel for Plaintiff/Appellant:
    Charles Harrison

Marc W. Judice
Judice & Adley
Post Office Drawer 51769
Lafayette, Louisiana  70505-1769
(337) 235-2405
Counsel for Defendant/Appellee:
    Dr. Andrew Minardi

**Chuck R. West**
**West & Vidrine**
**Post Office Box 1019**
**Ville Platte, Louisiana  70586**
**(337) 363-2772**
**Counsel for Defendant/Appellee:**
        **Rapides Healthcare System, L.L.C.**

**SULLIVAN, Judge.**

Charles Harrison appeals the dismissal of his claims against Dr. Andrew Minardi for his failure to post a cash or surety bond as provided in La.R.S. 49:1299.47(I)(2)(c). For the following reasons, we affirm.

*Facts*

On December 19, 2006, Mr. Harrison filed this medical malpractice suit against Dr. Minardi and Rapides Healthcare System, L.L.C. d/b/a/ Savoy Medical Center (Savoy Medical Center) for damages he allegedly suffered as a result of medical treatment rendered by Defendants. In his Answer, Dr. Minardi sought to enforce the requirement of La.R.S. 40:1299.47(I)(2)(c) that the plaintiff in a medical malpractice suit post a cash or surety bond in the amount of all costs of the medical review panel when the medical review panel's opinion was unanimous in favor of the defendant healthcare provider. Shortly thereafter, Dr. Minardi filed a Rule to Show Cause, requesting that the trial court order Mr. Harrison to comply with this provision.

A hearing on the Rule to Show Cause was held on February 16, 2007. During the hearing, counsel for Mr. Harrison made the trial court aware that he had alleged in the petition that Mr. Harrison was indigent and unable to post cash or a surety bond as required by La.R.S. 40:1299.47(I)(2)(c). The trial court observed that until Mr. Harrison complied with the requirements of La.Code Civ.P. art. 5183 and provided affidavits concerning his income and assets, his request to proceed *in forma pauperis* was not before the court. Counsel for Mr. Harrison acknowledged that he did not have the documentation needed for the trial court to grant Mr. Harrison pauper status and that the trial court did not have a choice but to grant Dr. Minardi's request that he post a cash or surety bond. The trial court granted Mr. Harrison thirty

1

days, or until March 19, to post a cash or surety bond and stated that Mr. Harrison's failure to comply with the order would result in dismissal of his claims against Dr. Minardi.

Mr. Harrison's counsel questioned whether he could get a hearing on Mr. Harrison's status as a pauper, if the required affidavits were filed within that thirty days, acknowledging, "I don't get a hearing within thirty days then I am beyond . . . that time in which I should have posted a surety bond, so I have to make an application before then to hear the issue." The trial court observed that it could not prejudge the issue but stated that it would be inclined to consider a stay of its order requiring a cash or surety bond if the affidavits were filed and a stay was requested before March 19. On February 28, the trial court signed a Judgment on Motion to Enforce Provisions of La.R.S. 40:1299.47(I)(2)(c) which conformed with his oral ruling.

On March 22,[1] Mr. Harrison filed a motion, requesting that the trial court "reconsider and rescind its previous order denying pauper status and compelling" him to post cash or a surety bond. The motion also requested an immediate emergency hearing to address an appeal of the February 28 order "if rescission of it is not granted." The motion included an order allowing Mr. Harrison to proceed without paying costs in advance. The motion did not include an order rescinding the prior order requiring him to post a bond or an order setting a hearing on his request. Affidavits executed by Mr. Harrison and another person attesting to Mr. Harrison's inability to pay court costs were attached to the motion. The affidavits are dated

[1]Mr. Harrison avers that his Motion Reurging Motion Filed with Original Petition to Grant Petitioner Pauper Status Pursuant to La.C.C.P. 5181 et seq. was filed by facsimile on March 21; however, there is no documentation in the record which establishes that the Motion was filed before March 22. Whether the motion was filed March 21 or March 22 has no bearing on the merits of Mr. Harrison's claims.

March 15. On March 26, the trial court crossed out the order to allow Mr. Harrison to proceed as a pauper, wrote "[m]otion denied as untimely" under it, and signed the modified order. That same day, the trial court signed an Order of Dismissal, dismissing Dr. Minardi without prejudice.

On March 30, Mr. Harrison filed a Motion for New Trial and/or Motion and Order for Suspensive Appeal. The trial court denied the Motion for New Trial, noting that "[n]o reason exists for a new trial," but granted the Motion for Suspensive Appeal. Pauper status was granted for purposes of the appeal only.

On appeal, Mr. Harrison assigns three errors: 1) La.R.S. 40:1299.47(I)(2)(c) is unconstitutional, 2) the trial court erred in failing to address his request to proceed as a pauper before it signed the Order of Dismissal, and 3) the trial court erred in denying his Motion for New Trial.

## *Discussion*

### *Unconstitutionality of La.R.S. 40.1299.47(I)(2)(c)*

The unconstitutionality of a statute is not properly before an appellate court unless it was specifically pled in the trial court, and the grounds for the claim were particularized. *M.J. Farms, Ltd. v. Exxon Mobil Corp.,* 07-450 (La. 4/27/07), 956 So.2d 573. Mr. Harrison did not contest the constitutionality of La.R.S. 40:1299.47(I)(2)(c) in the trial court. Therefore, this assignment of error is not properly before this court.

### *Dismissal of Dr. Minardi*

Mr. Harrison contends that the trial court erred in failing to consider his status as a pauper before it signed the Order of Dismissal and in denying his motion for new trial. He urges that upon receipt of his affidavits, La.Code Civ.P. art. 5183 required

3

the trial court to immediately reconsider his request to proceed as a pauper, even though his affidavits were submitted after the March 19 deadline to post a cash or a surety bond.

The Code of Civil Procedure provides a procedure for one who cannot afford to pay court costs to prosecute litigation without paying court costs in advance. La.Code Civ.P. art. 5181-5188. This is a privilege, not a right, and one seeking to take advantage of this privilege must apply for permission to do so and must submit specific documentation. La.Code Civ.P. art. 5183. The request to exercise this privilege can be made in the applicant's first pleading or later in an ex parte motion. *Id.* The grant of this privilege is within the trial court's discretion, and denial of the privilege can be reversed only if the trial court abused its discretion. *Hollins v. Moore*, 220 So.2d 103 (La.App. 3 Cir. 1969); *Hollier v. Broussard*, 220 So.2d 175 (La.App. 3 Cir. 1969).

The Judgment on Motion to Enforce Provisions of La.R.S. 40:1299.47 (I)(2)(c) allowed Mr. Harrison until March 19 to post a cash or surety bond in the amount of $3,062.03 and further ordered that "if plaintiff fails to post . . . a cash or surety bond . . . on or before [March 19], this Court will sign an Order Dismissing Dr. Minardi with full prejudice from the case sub judice."

Mr. Harrison missed the March 19 deadline and complains that the trial court erred in not considering his request because Article 5183 does not limit the time within which a litigant can seek permission to proceed as a pauper. This argument ignores the trial court's authority to establish a deadline to post a bond and is without merit.

4

In *Pearson v. Fontaine*, 583 So.2d 493 (La.1991), the supreme court recognized a trial court's authority to limit the time within which a litigant can file the documentation required to proceed as a pauper. The court issued a four-line order which does not recite the facts on which the writ application was premised, but one can glean from the order that the trial court set a deadline for the payment of costs and that the applicant wanted to qualify as a pauper to avoid payment of the costs. The supreme court ordered the trial court to allow the applicant fifteen days to comply with the requirements of Article 5183 and stayed the trial court's deadline for the payment of costs until the applicant's pauper request was considered. If the applicant failed to file an application to proceed *in forma pauperis* within the fifteen-day period, the stay order would automatically dissolve which would result in the litigant having to pay the costs. *See also King v. Aetna Life & Casualty*, 552 So.2d 73 (La.App. 3 Cir. 1989), *writ denied*, 556 So.2d 1264 (La.1990), where this court held that the trial court did not err when it disallowed the plaintiff's request for a jury trial after she failed to post a jury bond as ordered and failed to timely seek reinstatement of permission to proceed as a pauper.

The trial court set a deadline by which Mr. Harrison had to post a bond. Mr. Harrison did not post a bond and did not seek permission to proceed as pauper by the March 19 deadline, although his counsel notarized the affidavits required by Article 5183 on March 15. Accordingly, we find no error with the trial court's dismissal of Dr. Minardi.

Mr. Harrison sued Dr. Minardi and Savoy Medical Center. The trial court's March 19 deadline was set in response to Dr. Minardi's request to enforce the provisions of La.R.S. 40:1299.47(I)(2)(c). On March 22, Savoy Medical Center filed

5

a Rule to Show Cause why Mr. Harrison should not be ordered to post the bond required by La.R.S. 40:1299.47(I)(2)(c). Mr. Harrison requested permission to proceed as a pauper in his petition, and when he submitted the affidavits required by La.Code Civ.P. art. 5183, his application for pauper status was complete. The completion of the application was untimely with regard to Dr. Minardi's motion for the bond. However, because the completion preceded action by the trial court on Savoy Medical Center's motion for the bond, the trial court should have considered it in connection with that motion.

***Denial of New Trial***

Mr. Harrison next asserts that the trial court erred when it denied his motion for new trial because his motion was timely filed. The trial court denied the motion for new trial finding "[n]o reason exists for a new trial," not because it was untimely. Mr. Harrison apparently misread the trial court's Order which denied the motion; the order states in part: "Consequently, plaintiff's filings were untimely and suit was dismissed. No reason exists for a new trial." The filings referenced are Mr. Harrison's pauper affidavits, not the Order dismissing Dr. Minardi. Therefore, Mr. Harrison's arguments on this assignment of error are irrelevant; however, in the interest of justice, we will review the correctness of the trial court's denial of a new trial with regard to its dismissal of Dr. Minardi.

Louisiana Code of Civil Procedure Article 1972 sets forth peremptory grounds for granting a motion for new trial. Our review of the facts establishes that none of these grounds exist here. Pursuant to Article 1972, a new trial must be granted when the judgment is contrary to the law and evidence, new evidence was discovered after the trial, and when the jury was bribed or has behaved improperly. The second and

6

third grounds are completely inapplicable to the facts of this case and need not be addressed. As to the first ground, we have previously concluded that the trial court's refusal to consider Mr. Harrison's application to proceed as a pauper after its March 19 deadline to post a cash or surety bond was not error with regard to Dr. Minardi. For the same reasons, we find that refusal was not contrary to the law and the evidence; therefore, no peremptory ground for a new trial exists.

Louisiana Code of Civil Procedure Article 1973 allows a trial court to grant a new trial "if there is good ground therefor." Hence, we are presented with the question of whether Mr. Harrison's attorney's failure to file the affidavits required by La.Code Civ.P. art. 5183 and request an order allowing Mr. Harrison to proceed as a pauper by the March 19 deadline is a good ground for granting a new trial.

In *Gauthier v. Gauthier*, 04-198 (La.App. 3 Cir. 11/10/04), 886 So.2d 681, *writ denied*, 04-3019 (La. 2/18/05), 896 So.2d 15, this court held that an attorney's failure to act is not a valid ground for a new trial. The appellant in *Gauthier* complained that the trial court erred in refusing to allow him to file his community property partition detailed descriptive list after the deadline to do so had expired. This court found no error, observing that the trial court had already granted the appellant an extension of the statutory deadline, that the new deadline was missed by a significant amount of time, and that no good reason for the delay was provided. This court specifically determined that the trial court did not abuse its discretion in declining to consider the untimely list and rejected the appellant's argument that because his attorney's negligence would result in a miscarriage of justice, he should be granted a new trial.

Counsel for Mr. Harrison notarized the pauper affidavits on March 15 but did nothing more until after the March 19 deadline. He did not seek an extension of the

7

deadline and does not assert that he has a valid reason for not complying with the deadline. We find no error with the trial court's denial of the motion for new trial.

### *Disposition*

The dismissal of Dr. Andrew Minardi is affirmed. The matter is remanded for further proceedings consistent with this opinion.

**AFFIRMED.**