GAIDRY, J.
 

 | gin this medical malpractice case, defendants appeal the trial court’s judgment dismissing plaintiffs suit against them without prejudice, where the terms of a consent judgment between the parties provided for dismissal with prejudice. We amend, and as amended, affirm.
 

 
 *608
 
 FACTS & PROCEDURAL HISTORY
 

 Plaintiff, Tina M. Hebert, filed a medical malpractice action against Dr. Troy Drew-itz, Dr. Natchez Morice, and Louisiana Medical Mutual Insurance Company (LAMMICO). Prior to Hebert’s suit being filed, a medical review panel unanimously found that the evidence did not support the conclusion that the defendant health care providers had deviated from the standard of care in their treatment of Hebert. In accordance with La. R.S. 40:1299.47(I)(2)(c)
 
 [1]
 
 , defendants requested that Hebert file a surety bond for the cost of the medical review panel. When Hebert failed to file such a bond, defendants sought to have her suit dismissed. Prior to the hearing on the motion to dismiss, a consent judgment was entered providing that Hebert would post a surety bond by July 8, 2008. The judgment further ordered that if Hebert failed to file the appropriate surety bond by July 8, 2008, Hebert’s lawsuit “shall be dismissed with prejudice.” The consent judgment was |ssigned by Hebert’s attorney as well as the court on June 6, 2008. Notice of judgment was mailed to all parties on June 12, 2008.
 

 On September 8, 2008, defendants filed a motion to dismiss Hebert’s claims with prejudice in accordance with the consent judgment for failure to file an appropriate bond timely. After a hearing, the court dismissed Hebert’s claims against the defendants because the surety bond filed was both untimely and improper. However, the court’s dismissal of Hebert’s claims was without prejudice. Defendants appeal this judgment, alleging that the trial court erred in modifying the terms and substance of the consent judgment and dismissing defendants without prejudice contrary to the terms of the final consent judgment.
 

 DISCUSSION
 

 A consent judgment is a bilateral contract by which the parties adjust their differences by mutual consent, with each party balancing his hope of gain against his fear of loss.
 
 Borchardt v. Carline,
 
 617 So.2d 970, 973 (La.App. 4 Cir.),
 
 writ denied,
 
 620 So.2d 844 (1993).
 
 See
 
 La. C.C. art. 3071. Its binding force arises from the voluntary acquiescence of the parties, rather than the adjudication by the court.
 
 Richardson v. Richardson,
 
 02-2415, p. 4 (La.App. 1 Cir. 7/9/03), 859 So.2d 81, 84. A consent judgment may be annulled or rescinded for an error of fact or error of the principal cause of the agreement.
 
 Borchardt,
 
 617 So.2d at 973.
 

 At the time the consent judgment was entered in this case, the hearing date for the defendants’ motion to dismiss was approaching. Since Hebert had not filed a bond in accordance with La. R.S. 40:1299.47(I)(2)(c), her suit was subject to
 
 *609
 
 dismissal.
 
 See Harrison v. Minardi,
 
 07-514 (La.App. 3 Cir. 10/31/07), 968 So.2d 1221. The defendants agreed to forego the hearing on their motion to dismiss in exchange for an agreement from Hebert to either |4iile an appropriate bond within a specified period of time or have her suit dismissed with prejudice. Neither party-in this matter sought to have the consent judgment annulled or rescinded for error. As such, the trial court erred in dismissing Hebert’s suit without prejudice, rather than with prejudice, as ordered in the consent judgment.
 

 DECREE
 

 The judgment of the court dismissing Hebert’s claims against Dr. Drewitz, Dr. Morice, and LAMMICO is modified to order dismissal with prejudice and, as amended, affirmed. Costs of this appeal are cast to plaintiff, Tina M. Hebert.
 

 AMENDED AND, AS AMENDED, AFFIRMED.
 

 DOWNING, J., concurs and assigns reasons.
 

 | rA consent judgment’s binding force also arises from the fact that it is a valid, enforceable judgment that must be obeyed.
 
 See Black v. Comfort,
 
 08-239, 996 So.2d 1187, 1190 (La.App. 5 Cir. 10/28/08).
 

 [1]
 

 . Louisiana Revised Statutes 40:1299.47(I)(2)(c) provides:
 

 In a medical malpractice suit filed by the claimant in which a unanimous opinion was rendered in favor of the defendant health care provider as provided in the expert opinion stated in Paragraph (G)(2) of this Section, the claimant who proceeds to file such a suit shall be required to post a cash or surety bond, approved by the court, in the amount of all costs of the medical review panel. Upon the conclusion of the medical malpractice suit, the court shall order that the cash or surety bond be forfeited to the defendant health care provider for reimbursement of the costs of the medical review panel, unless a final judgment is rendered finding the defendant liable to the claimant for any damages. If a final judgment is rendered finding the defendant liable to the claimant for any damages, the court shall order that the defendant health care provider reimburse the claimant an amount equal to the cost of obtaining the cash or surely bond posted by the claimant.