415 So.2d 564 (1982)
Frances RANDALL, Plaintiff and Appellant,
v.
JENA WIRE AND CABLE COMPANY, Defendant and Appellee.
No. 8820.
Court of Appeal of Louisiana, Third Circuit.
May 26, 1982.
*565 William Henry Sanders, Jena, for intervenor-appellant.
Bruscato & Loomis, Albert E. Loomis, III, Monroe, for plaintiff-appellee.
Gaharan & Wilson, Joseph Wilson, Jena, for defendant-appellant-appellee.
Before CULPEPPER, FORET, and DOUCET, JJ.
DOUCET, Judge.
This is an attorney intervention workmen's compensation case wherein the attorney instituting suit was discharged prior to *566 settlement between employer and employee. Counsel pursued his theretofore filed intervention action against the employer who responded with peremptory exceptions, which were sustained. From an adverse judgment at the trial court, intervenor appeals.
On April 2, 1979, Frances Randall instituted this suit against Belden Corporation and Jena Wire and Cable Co. seeking payment of workmen's compensation benefits for an injury sustained on or about May 31, 1977. The attorney of record for Mrs. Randall, at that time, was William Henry Sanders, intervenor herein.
The injury involved resulted in the aggravation of a pre-existing thrombophlebitis of claimant's right leg. Weekly compensation benefits for the period May 31, 1977 to October 7, 1977 were paid to claimant and all medical and hospitalization expenses incurred in treating this thrombophlebitic condition were paid by the employer. Subsequently, after claimant had been released for return to her regular employment, she underwent back surgery in Houston. Demand for reimbursement of these expenses followed and was rejected by the employer.
Meanwhile claimant's attorney-client relationship became strained, resulting in dismissal of counsel on January 23, 1980. Contemporaneous with withdrawal of counsel, Sanders received an order permitting his intervention claim against Belden in the pending workmen's compensation litigation. Thereafter, on September 9, 1980, a "Joint Petition for Compromise of Workmen's Compensation Claim" was filed in the District Court with Albert E. Loomis appearing as the attorney of record for the claimant. Both the judgment and the receipt and release executed by Mrs. Randall reflected satisfaction of her claim against Belden Corporation for payment of $5,000 in addition to compensation benefits and medical expenses "heretofore paid". The compromise was approved by the trial judge and plaintiff's suit was dismissed with prejudice on September 9, 1980. On the same day attorney Loomis forwarded to intervenor $1,552.08 as payment of expenses and advances relative to the Randall case.
Thus, the only matter remaining in the cause was the intervention of Sanders who sought a lien for reimbursement of his own expenses and those of medical creditors.[1] Additionally, Sanders sought quantum meruit recovery. Belden Corporation filed peremptory exceptions of res judicata (based upon the settlement agreement), no right of action, and no cause of action.[2] The trial judge sustained the exceptions of res judicata and no right of action and dismissed intervenor's demands against Belden. Intervenor Sanders appeals.

EXCEPTION OF RES JUDICATA
We first address the peremptory exception of res judicata. The principles governing the content and application of res judicata are located in the section of the Civil Code concerning legal presumptions. One presumption drawn by the law attributes authority to the "thing adjudged" as proof of the existence or non-existence of certain facts, LSA-C.C.Art. 2285. The thing adjudged is said of that which has been decided by final judgment, from which there can be no appeal, either because the appeal did not lie, or because the time fixed by law for appealing is elapsed, or because it has been confirmed on the appeal. LSA-C.C.Art. 3556(31). A compromise may, as between the interested parties, have a force equal to the authority of "things adjudged". LSA-C.C.Art. 3078. The requisites of "thing adjudged" are: the thing demanded must be the same, the demand must be founded on the same cause of action, the demand be between the same parties and *567 formed by them against each other in the same quality. LSA-C.C.Art. 2286. From the facts given it is clear that the last of these requirements was not met, therefore the trial judge erred in sustaining the exception of res judicata. We reject appellee's contention that intervenor, claiming his own attorney's fees and medical expenses on behalf of others, is an "ayant cause" or successor in title for res judicata purposes so as to sustain the peremptory exception. Having reached this result we need not consider whether the former two requirements for "thing adjudged" were met as all must concur. The exception is overruled.

NO RIGHT OF ACTION
Sanders' intervention claim for medical bills was met with an exception of no right of action. This exception addresses itself to whether the party it is asserted against has any interest in enforcing judicially the right alleged against the mover. LSA-C.C.P.Art. 681. The pleadings fail to disclose any interest of Sanders in collection of unpaid medical bills of his former client from Belden. And although evidence is admissible at a hearing on such exception, Sanders produced no evidence indicative of his right to relief. In fact he admitted there had been no assignment of any medical creditors' claims and he had made no assurance whatsoever that he would collect same on their behalf. The exception was properly sustained.

EXCEPTION OF NO CAUSE OF ACTION
As aforementioned, the trial judge did not address appellee's exception of no cause of action. Although Belden does not urge this exception on appeal, courts are ex-officio empowered to notice the failure to disclose a cause of action. LSA-C.C.P.Art. 927. We do so with respect to intervenor's claim for attorney's fees from Belden. The exception addresses itself to whether the law affords a remedy to intervenor under the allegations of his petition. The objection is triable on the face of the petition and all well pleaded facts are accepted as true. LSA-C.C.P.Art. 931.
Attorney's fees are not allowed except when authorized by contract or statute. Killebrew v. Abbott Laboratories, 359 So.2d 1275 (La.1978). Intervenor does not allege a contract[3] with Belden nor does he infer that defendant's actions in withholding workmen's compensation benefits were arbitrary or capricious such as to invoke LSA-R.S. 23:1201.2. Furthermore, intervenor does not allege a written contract, signed by his client and duly recorded, such as would form the basis of an attorney privilege pursuant to LSA-R.S. 37:218. The Louisiana Supreme Court has recently held that imposition of an obligation upon the client's obligor in a suit to retain settlement funds until determination of fee entitlement requires the attorney's full compliance with R.S. 37:218, including recordation. Scott v. Kemper Insurance Co., 377 So.2d 66, 70 (La.1979). We consider Scott to be dispotive of the case at bar. Hence, appellant's exclusive remedy for recovery of attorney's fees is against his former client. The petition against Belden discloses no cause of action.
For the reasons set forth above the judgment sustaining the exception of res judicata is reversed and vacated and the exception is overruled. The exception of no right of action relative to medical expenses and judgment sustaining same is affirmed. It is further ordered, adjudged and decreed that there be a judgment herein sustaining the exception of no cause of action. Costs of this appeal are taxed to appellant.
AFFIRMED AS AMENDED.
NOTES
[1] Dismissal of the principal action did not effect a dismissal of the incidental demand. LSA-C.C.P.Art. 1039.
[2] Belden asserted "no cause or right of action". There is no such exception. The exception of "no cause of action" and the exception of "no right of action" are distinct exceptions subject to different rules, thus appellee's loose pleading is not to be condoned.
[3] In this regard we note that appellee contends its aforementioned payment of $1,552.08 to intervenor satisfied his claim, however, the exception of no cause of action is not available to urge a defense and evidence relative thereto is inadmissible. Nevertheless, from the face of the pleadings we find intervenor disclosed no cause of action.