KLEES, Judge.
This appeal arises from the trial court’s sustaining of defendant’s peremptory exception of res judicata. After reviewing the record, we affirm.
On November 15, 1983 Stella W. Cahn was interdicted. Mary A. Edwards was appointed as curatrix and Lillian Cador as undercuratrix.
In November of 1985, Marcella Ogundele and Andrea Victor, sister and niece of Mrs. Cahn, retained the services of attorney Brain Sondes in removing Edwards as cu-ratrix. A suit to remove Edwards was subsequently filed. On January 17, 1986, following a trial on the merits, the court removed Edwards and Cador, and appointed Victor as provisional curatrix for six weeks from the date of judgment. Dr. Brobson Lutz testified as a medical expert in those proceedings.
Prior to the expiration of the legal delays for appeal, Mrs. Cahn died. As of the date of Mrs. Cahn’s death, Victor had not filed her oath or bond, nor had she been issued letters of curatorship.
On May 20, 1986, Victor, through her attorney, Brian Sondes, filed an ex parte motion requesting payment of $4499.18 in attorney’s fees and $898.46 in expert medical fees as extraordinary expenses of the interdict’s estate, which motion was granted by the court.
On May 26, 1987, Edwards filed a “Rule to Dismiss Action as Abated,” asserting that the interdiction proceeding had abated with the death of Mrs. Cahn and that the court’s ex parte order of May 20, 1986 should be recalled. The trial court dismissed the interdiction proceeding, but refused to vacate the award of attorney’s fees and expert medical fees. Edwards appealed that decision claiming that the judgment which had removed her as cura-trix had not become final by the' date of Mrs. Cahn’s death, and because all proceedings had abated with her death, it was error for the trial court to subsequently award attorney’s fees and expert medical fees. On March 10, 1988, this court reversed the trial court’s award of attorney’s fees and expert medical fees, 523 So.2d 4 (1988).
After losing in that appeal, Victor discharged Brain Sondes and Dr. Brobson Lutz. Suit was then filed by Brian Sondes, in proper person and as attorney for Dr. Brobson Lutz, against the Succession of Stella W. Cahn for the money owed for *1159 services rendered to Victor for the benefit of Stella Cahn.
Edwards filed a peremptory exception of res judicata, which was sustained by the trial court. Sondes now appeals that ruling. On appeal, he argues that since the parties to the previous action and the parties to the present action are completely different, the exception of res judicata was wrongfully maintained.
The legal basis for the exception of res judicata is found in La.R.S. 13:4231 (formerly C.C. Art. 2286), which reads:
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
Sondes argues that the parties in the two actions are not the same. In the first action, the provisional curatrix Victor sought payment of attorney’s fees and expert medical fees for services provided on behalf of the interdict by Sondes and Dr. Lutz. Her request was granted, but ultimately reversed on appeal. In the second action, Sondes himself, who by this time had been discharged by Victor, sought attorney’s fees and expert medical fees from the succession for the same services rendered.
Sondes asserts that since Victor was the party plaintiff in the first action, and he, Sondes, is the party plaintiff in the present action, the demand is not between the same parties. Therefore, he argues, one of the three required elements for res judicata is lacking.
We disagree. The courts have long held that the application of res judicata does not require that the parties be actually the same physical parties, but only that they be the same parties in the legal sense of the word. Therefore, the requirement of identity of parties is met where a successor or privy of one of the parties is involved. Ditch v. Finkelstein, 399 So.2d 1216 (La.App. 1st Cir.1981) (citing Quinette v. Del-hommer, 247 La. 1121, 176 So.2d 399 (1965), and Scurlock Oil Co. v. Getty Oil Co., 294 So.2d 810 (La.1974)).
In the instant case, we find that this requirement has been met because, although Victor was the named plaintiff in the first action, she was actually requesting fees for services performed by Sondes and Lutz; as curatrix, she was suing on their behalf. As Sondes is now requesting the exact same fees on his own behalf (and again on behalf of Lutz), we must consider him to be the same party in the legal sense as Victor, his representative in the first suit. The denial of the claim for attorney’s fees and expert fees in the first action therefore operates as res judicata to prevent relitigation of these issues.
Plaintiff Sondes relies upon Randall v. Jena Wire and Cable Co., 415 So.2d 564 (La.App. 3d Cir.1982), in which an exception of res judicata was overruled, in support of his argument. We find Randall to be completely distinguishable from the instant case. In Randall, an attorney who had initially represented an employee in a worker’s compensation dispute but who had been discharged prior to the employee and employer reaching a settlement, sued for his attorney’s fees. The settlement agreement had awarded a certain amount of fees to the employee’s second attorney, who had submitted a portion to the first attorney. Because the first attorney was not part of the settlement agreement, his right to prove the amount of his own fees was not barred by res judicata. In the instant case, however, there is only one attorney, Mr. Sondes, and there is no dispute as to the amount of the fees. At the time of the first suit, there was no potential conflict of interest between Sondes and Victor that would have prevented Victor from fully representing Sondes’ interest, whereas, in the Randall case, with two attorneys sharing fees, the second attorney might not have adequately represented the interests of the discharged attorney. For these reasons, we do not find Randall to be applicable to the instant situation.
*1160 Accordingly, for the reasons stated, the trial court’s judgment sustaining the exception of res judicata is affirmed.
AFFIRMED.
WILLIAMS, J., dissents.