611 So.2d 721 (1992)
Alice LASTIE and Clothilde Edwards
v.
Laurence WARDEN, Jr. and Champion Insurance Company.
No. 91-CA-2679.
Court of Appeal of Louisiana, Fourth Circuit.
December 15, 1992.
Writ Denied February 19, 1993.
*722 Lynn Gertler Plotkin, Gertler, Gertler & Vincent, New Orleans, for plaintiffs-appellants Alice Lastie and Clothilde Edwards.
Henry Leon Sarpy, John A. Kopfinger, Jr., Porteous, Hainkel, Johnson and Sarpy, New Orleans, for defendant-appellee Louisiana Ins. Guar. Ass'n.
Before SCHOTT, C.J., and KLEES and WALTZER, JJ.
KLEES, Judge.
Plaintiffs, appeal the district court's judgment, which denied their motion for summary judgment and granted summary judgment in favor of the defendant, the Louisiana Insurance Guaranty Association [hereinafter "LIGA"], dismissing plaintiffs' lawsuit. We reverse.
Plaintiffs Alice Lastie and Clothilde Edwards, were injured in an automobile accident on May 19, 1988. The driver at fault, Lawrence Warden, was uninsured. Therefore, plaintiffs made a claim on Ms. Lastie's father's uninsured motorist carrier, Champion Insurance Company [hereinafter "Champion"]. A settlement was reached whereby Champion agreed to pay $5,030.00 in damages to Ms. Lastie and $3,730.00 to Ms. Edwards. This settlement is evidenced by a letter from plaintiffs' counsel to Champion's insurance adjuster dated March 3, 1989. On May 10, 1989, because of Champion's failure to pay, plaintiffs instituted suit to have the compromise recognized. Champion then became insolvent. On August 1, 1989, plaintiffs filed a proof of claim form with LIGA, and on October 26, 1990, an amended petition was filed substituting LIGA in place of Champion.
LIGA brought a motion for summary judgment on the grounds that the vehicle in which plaintiffs were injured was not covered under the Champion policy. Plaintiffs brought a counter motion for summary judgment based on the settlement, and also sought attorneys' fees and penalties for LIGA's allegedly arbitrary refusal to pay the compromise. After hearing both motions, the trial court, without written reasons, denied plaintiffs' motion and granted defendant's motion, dismissing plaintiffs' action. Plaintiffs now appeal that judgment.
The primary issue on appeal is whether LIGA is obliged to honor a compromise confected in good faith by an insurer prior to that insurer's insolvency, regardless of whether LIGA may have a valid defense to coverage under the policy. This is apparently an issue of first impression in our courts. After reviewing the applicable law, we find that LIGA must comply with settlement agreed to by Champion.
*723 LIGA was created expressly "to provide a mechanism for the payment of covered claims under certain insurance policies to avoid excessive delay in payment and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer...." LSA-R.S.22:1376. The Louisiana Supreme Court has held that, to effect this purpose, the provisions of the LIGA statute "must be interpreted to protect claimants and policyholders and to advance their interests rather than the interests of the association." Senac v. Sandefer, 418 So.2d 543, 546 (La.1982).
The section of the law which delineates the powers and duties of LIGA states that LIGA shall:
Be deemed the insurer to the extent of its obligation on the covered claims and to such extent shall have all the rights, duties and obligations of the insolvent insurer as if the insurer had not become insolvent.
R.S. 22:1382(A)(2). Thus, under this statute, LIGA "substitutes for the insolvent insurer." Weaver v. Kitchens, 556 So.2d 120, 122 (La.App. 5th Cir.1990), writ denied 573 So.2d 1123 (La.1991).
Based on this law, plaintiffs contend that LIGA must now stand in the shoes of Champion with regard to the compromise. LIGA does not attack the validity of the compromise; rather, it argues that there was no coverage under the policy for the vehicle in which plaintiffs were injured. LIGA also argues that it was not a party to compromise.
In our view, neither argument presents sufficient legal justification for the avoidance by LIGA of an otherwise valid compromise. Compromise agreements between parties to avoid litigation are favored by law. Courts will not declare a settlement void without a clear showing that it violates good morals or public interest. Adams v. Adams, 529 So.2d 877, 879 (La.App. 4th Cir.1988), writ denied, 533 So.2d 363 (La.1988). A compromise has a force equal to the authority of things adjudged and is res judicata. La.Civ.Code art. 3078; Ditch v. Finkelstein, 399 So.2d 1216, 1220 (La.App. 1st Cir.1981).
LIGA does not suggest, nor is there any evidence, that there exists any fraud or error which would invalidate this compromise. LIGA cannot avoid honoring the compromise merely by claiming it was not a party to the agreement. LIGA was not a party to the insurance contract either, but LIGA is clearly Champion's successor in interest by virtue of the statutory law requiring it to stand in the shoes of an insolvent insurer. The application of res judicata does not require that the parties be actually the same physical parties, but only that they be the same parties in the legal sense of the word. Therefore, the requirement of identity of parties is satisfied where a successor of one of the parties is involved. Succession of Cahn, 545 So.2d 1158, 1159 (La.App. 4th Cir.1989).
Moreover, LIGA is barred by the res judicata effect of the compromise from raising an issue as to coverage under the policy. Once confected, a compromise "causes the merger of the antecedent obligation or claim upon which it is based with itself, leaving the antecedent obligation with no separate or distinct existence." Sail Wiping Cloth v. Sewell, Inc., 419 So.2d 112, 117 (La.App.2d Cir.1982). We therefore find that the trial court erred in granting LIGA's motion for summary judgment dismissing plaintiff's case.
Plaintiffs also contend that the trial court erred in refusing to grant their motion for summary judgment, which sought not only to have LIGA pay the settlement, but also to have LIGA cast in judgment for penalties and attorney's fees for its alleged arbitrary and capricious refusal to pay. We conclude that LIGA is not liable for penalties or attorneys' fees.
Plaintiffs assert two arguments with regard to penalties and attorneys' fees: (1) that LIGA is obligated for Champion's arbitrary and capricious refusal to pay the settlement; and (2) that LIGA is liable for its own arbitrary and capricious refusal to pay. The first argument is clearly without merit. It has been held that, because the obligation under the penalty statute is separate and distinct from the obligation arising out of the insurer's contractual relationship to the insured, a cause of action for penalties and attorney's *724 fees falls outside the scope of the "covered claims" contemplated by R.S. 22:1379 and 22:1382. Breaux v. Klein, 572 So.2d 656 (La.App. 5th Cir.1990), writ denied, 573 So.2d 1140 (La.1991). Moreover, the legislature has codified this jurisprudence by amending the LIGA statute in 1990 to state expressly that "covered claim" does not include a claim for statutory penalties and attorneys' fees owed by an insolvent insurer. LSA-R.S. 22:1379(3)(d).
We also reject plaintiffs' contention that they are entitled to penalties and attorneys' fees for LIGA's own actions. LIGA's refusal to pay the settlement was neither arbitrary nor capricious, but rather was based upon a good faith assertion of what it believed to be a viable defense to plaintiffs' claim. The fact that this Court has ultimately rejected this defense does not make LIGA's actions arbitrary and capricious, especially since the issue of LIGA's obligation to pay the compromise was one of first impression in the courts.
Accordingly, for the reasons given, we reverse the summary judgment in favor of LIGA. We also reverse the district court's denial of plaintiffs' motion for summary judgment. We grant summary judgment in favor of plaintiffs and order LIGA to pay to plaintiffs the amounts stipulated in the compromise, absent any interest, costs, penalties or attorneys' fees.
REVERSED AND RENDERED.