620 So.2d 294 (1993)
Kade R. HEBERT
v.
Kelly A. LINER, Uwell J. Derouen, III & Dixie Lloyds Insurance Company.
No. CA 92 0047.
Court of Appeal of Louisiana, First Circuit.
March 5, 1993.
*295 William Yates, Houma, for plaintiff and appellantKade R. Hebert.
David S. Fos, Kenner, for defendant and appelleeLouisiana Ins. Guar. Ass'n.
Before LOTTINGER, C.J., and FOIL and FOGG, JJ.
FOIL, Judge.
This is an appeal by the plaintiff from an adverse ruling of the trial court on cross motions for summary judgment filed by plaintiff and defendant, Louisiana Insurance Guaranty Association (LIGA). The court found that the law as it existed at the time the member insurer was declared insolvent must govern LIGA's obligation to plaintiff. At that time, La.R.S. 22:1386 provided that plaintiff may not recover anything from LIGA until his rights have been exhausted against his own UM insurer.
We have reviewed the record in its entirety and are convinced that the written reasons assigned by the trial court are correct. We therefore affirm, adopting the court's reasons as our own, and attach a copy hereto. All costs are to be paid by appellant.
AFFIRMED.

Appendix

Kade R. Hebert

versus

Kelly A. Liner, et al.

32nd Judicial District Court

State of Louisiana

Parish of Terrebonne

No. 95,429.

REASONS FOR JUDGMENT ON MOTIONS FOR SUMMARY JUDGMENT
This matter comes before the court on cross motions for summary judgment filed by plaintiff, Kade R. Hebert, and defendant, Louisiana Insurance Guaranty Association (LIGA), which raise the issue of application of La.R.S. 22:1386, as amended by Act No. 130 of 1990, where a member insurer is declared insolvent after the effective date of the amendment but is liable for damages resulting from an accident which occurred prior to the amendment.
Plaintiff sued the alleged tortfeasor and Dixie Lloyds, the tortfeasor's liability carrier, for damages arising out of an automobile accident which occurred on October 7, 1988. In June of 1990, plaintiff and Dixie Lloyds agreed upon a settlement of plaintiff's claim for $3,000.00. La.R.S. 22:1386 was amended by Act. No. 130 of 1990, effective in September of 1990. The effect of the amendment was to provide that a plaintiff must first exhaust his rights against his own UM carrier prior to LIGA's having any exposure to pay the plaintiff. Dixie Lloyds was declared insolvent in December of 1990, after the effective date of the amendment to La.R.S. 22:1386. It had not paid any money toward the settlement agreement prior to the declaration of insolvency. Plaintiff seeks to enforce the settlement against LIGA now that Dixie Lloyds has been declared insolvent.
LIGA contends that the non-duplication of recovery provisions of La.R.S. 22:1386, as amended by Act. No. 130 of 1990, should apply since the declaration of insolvency came after the statute was amended. It argues that its responsibilities should be governed by the law in effect at the time of a member insurer's insolvency rather than at the time of the accident which gives rise to plaintiff's claim against the member insurer. Plaintiff contends that the law in effect at the time of the accident should govern and that the amendment to La.R.S. 22:1386 is substantive and cannot be applied retroactively so as to destroy vested rights.
The jurisprudence interpreting La.R.S. 22:1386 prior to the 1990 amendment did not require the plaintiff to first exhaust his own UM policy prior to seeking recovery from LIGA where LIGA stood in the shoes of the tortfeasor's insolvent liability carrier. See Hickerson v. Protective National Insurance Company, 383 So.2d 377 (La. 1980). One of the obvious purposes of the *296 amendment of La.R.S. 22:1386 was to overturn the interpretation which the Hickerson decision had given to La.R.S. 22:1386.
LIGA's liability to a claimant arises upon the declaration of insolvency of the insurer. Plaintiff's claim against LIGA did not arise until Dixie Lloyds was declared insolvent. La.R.S. 22:1386 does not purport to affect plaintiff's rights against the insurer itself. It governs plaintiff's rights against LIGA. Until Dixie Lloyds was declared insolvent, plaintiff had no vested rights against LIGA, although he may have had vested rights against Dixie Lloyds. The court finds, therefore, that the law as it existed at the time Dixie Lloyd's was declared insolvent must govern LIGA's obligation. This interpretation of La.R.S. 22:1386 does not give the amendment retroactive effect.
Plaintiff further contends that he has no rights against his UM carrier which he can assert because they are prescribed. However, plaintiff sued the tortfeasor within the applicable prescriptive period. Since his UM carrier is liable in solido with the tortfeasor, that suit interrupted prescription against the UM carrier. Hoefly v. Government Employees Ins. Co., 418 So.2d 575 (La.1982).
Considering the foregoing, the motion for summary judgment must be granted and plaintiff's motion for summary judgment must be denied.
Houma, Louisiana, on this the 21st day of August, 1991.
 (s) Timothy C. Ellender
 JUDGE