I ,ARMSTRONG, Judge.
This is an appeal by the Louisiana Insurance Guaranty Association (“LIGA”) from a money judgment rendered in favor of the plaintiff in an automobile personal injury case. The trial court’s judgment against LIGA was based upon a settlement with the plaintiff by a now-insolvent liability insurer. LIGA argues that, pursuant to the statute establishing and regulating LIGA’s obligations, the plaintiff should not be allowed to proceed against LIGA to enforce the settlement until after the plaintiff has exhausted her rights against her own uninsured motorist insurer. We agree with LIGA and reverse and remand.
Plaintiff, Mrs. Lillian Fishman, was injured in an automobile collision with a ear driven by Albert Thomas. Mr. Thomas’ liability insurer was Automotive Casualty Insurance Company (“Automotive”). Mrs. Fishman’s uninsured motorist insurer is Liberty Mutual Insurance Company (“Liberty Mutual”). Mrs. Fishman sued both Automotive and Liberty Mutual. Mrs. Fishman settled with Automotive for $10,000.00, which was Automotive’s policy limit, and Automotive sent a $10,000.00 settlement check to Mrs. Fishman. However, before the check was cashed, Automotive was declared insolvent and the check was returned to Mrs. Fishman with the notation “refer to maker”.
Mrs. Fishman amended her petition to name LIGA as a defendant. LIGA declined to pay Mrs. Fishman the $10,000.00. Mrs. Fishman filed a “Motion to Reduce Settlement Rto Judgment” seeking a money judgment against LIGA The trial court rendered judgment in favor of Mrs. Fishman, and against LIGA, for $9,900.00 (The $100.00 difference between the $10,000.00 settlement amount and the $9,900.00 judgment amount is not explained in the briefs or the record and is not raised as an issue). Mrs. Fish-man’s claim against her UM insurer, Liability Mutual, remains outstanding.
LIGA argues that Mrs. Fishman should not have been awarded any judgment against LIGA because she has not yet exhausted her rights against her own UM insurer. LIGA relies upon La.R.S. 22:1386 which states, in pertinent part:
Any person having a claim against an insurer under any provision in an insurance policy, other than a policy of an insolvent insurer which is also a covered claim, shall be required first to exhaust his rights under such policy. Such other policies of insurance shall include but not be limited to liability coverage, uninsured or under-insured motorist liability coverage, or both, hospitalization, and other medical expense coverage. As to the association, any amount payable by such other insurance shall act as a credit against the damages of *807 the claimant, and the association shall not be liable for such portion of the damages of the claimant, (emphasis added).
In the present case, it is obvious that Mrs. Fishman has not yet exhausted her rights against her own UM insurer. Thus, under the above-quoted statute, it would appear she may not proceed against LIGA at the present time. The only real issue is as to whether with respect to the exhaustion requirement, it makes any difference that Mrs. Fish-man’s claim against LIGA is based upon a settlement with Automotive as opposed to an -unliquidated claim against Automotive. We conclude that the fact that a settlement is involved, rather than an unliquidated claim, makes no difference. Thus, Mrs. Fishman must exhaust her rights against her own UM insurer prior to proceeding against LIGA. We conclude as we do for several reasons. First, the statute draws no distinction between unliquidated claims against insolvent insurers and claims based upon settlements with insolvent insurers. In other words, the plain statutory language favors LIGA’s position. Second, the obvious purpose of the statute is to make LIGA a “last resort” source of recovery. The Legislature obviously wishes for plaintiffs to try to make their damages whole, or as nearly as whole as possible, from insurance sources other than LIGA prior to seeking recovery from LIGA. | gThird, the only published decision directly on point, Hebert v. Liner, 620 So.2d 294 (La.App. 1st Cir.1993), supports LIGA’s position.
In Hebert, the plaintiff had settled with a liability insurer but, prior to payment of the settlement funds to the Hebert plaintiff, the liability insurer was declared insolvent. Aso, the Hebert plaintiff had not yet exhausted his rights against his own UM insurer. The Hebert plaintiff sought to enforce the settlement agreement against LIGA. The Hebert court ruled that the Hebert plaintiff could not proceed against LIGA because the Hebert plaintiff had not yet exhausted his rights against his own UM insurer.
In the present case, Mrs. Fishman relies upon two of our previous decisions, Lastie v. Warden, 611 So.2d 721 (La.App. 4th Cir. 1992), writ denied, 614 So.2d 64 (La.1993), and Buggage v. Yellow-Checker Cab Co., 623 So.2d 906 (La.App. 4th Cir.1993). In particular, Mrs. Fishman points out that Lastie and Buggage hold that a pre-insolvency settlement with a liability insurer is enforceable against LIGA. We agree with the plaintiff as to that point but that point is not germane to the issue in the present case. Neither Lastie nor Buggage in any way involved or addressed the requirement that a plaintiff first exhaust his or her rights against his or her UM insurer prior to proceeding against LIGA. In other words, settlement agreements are enforceable against LIGA but the exhaustion requirements of La.R.S. 22:1386 must be met before such enforcement against LIGA of a settlement agreement. See Generally Borchardt v. Carline, 617 So.2d 970 (La.App. 4th Cir.), writ denied, 620 So.2d 844 (La.1993) (plaintiff settled with her own uninsured insurer and made a pre-insolvency settlement with liability insurer and settlement was enforced against LIGA).
After Mrs. Fishman exhausts her rights against her own UM insurer, if her damages are still not made whole, then she may proceed to enforce the settlement against LIGA.
For the foregoing reasons, the judgment of the trial court is reversed and this case is remanded to the trial court for further proceedings.
REVERSED; REMANDED.