646 So.2d 486 (1994)
Diana BREWSTER, etc.
v.
Daniel SANTOS, Jr., et al.
No. 94-CA-1148.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1994.
*487 Edward L. Levert, Jr., New Orleans, for plaintiff/appellee.
Jacques A. Sanborn, Randy S. Nunez, Dysart, Sanborn & Tabary, Chalmette, for defendant/appellant.
Before WARD, JONES and WALTZER, JJ.
JONES, Judge.
Defendant/appellant Louisiana Insurance Guaranty Association (LIGA) appeals a trial court judgment ordering LIGA to pay pre-insolvency interest from the date of judicial demand.

Facts
The original petition sought damages on behalf of the minor, Kenya Brewster, for injuries sustained in an automobile accident which occurred on September 16, 1990. A petition for damages was filed on behalf of Kenya Brewster on August 23, 1991. The original defendants were Daniel Santos, Jr. and his insurer, Automotive Casualty Insurance Company. In January, 1993, Automotive Casualty was declared insolvent, and on April 23, 1993, plaintiff amended her petition to substitute LIGA for Automotive Casualty.
In June, 1993, plaintiff's counsel began efforts to determine if LIGA would honor the terms of a settlement agreed to and accepted by Automotive Casualty. On October 4, 1993 LIGA and Daniel Santos, Jr. agreed in writing to settle the case for the sum of ten thousand three hundred twenty-six and no/100 ($10,326.00). However, when LIGA failed to remit settlement funds timely, plaintiff's counsel filed a motion to make the settlement agreement a judgment of the Court. The motion prayed for the award of legal interest from the date of judicial demand against both LIGA and its insured. Defendant filed no opposition to plaintiff's motion. The trial court rendered judgment against the original defendant, Daniel Santos and LIGA in the sum of ten thousand, three hundred twenty-seven dollars ($10,327.00) with legal interest from the date of judicial demand and for costs. Defendant appeals that portion of the judgement ordering it to pay interest from the date of judicial demand. Plaintiff answered the appeal averring that the defendant had acquiesced in the judgment of the trial court, thus the appeal was frivolous. Consequently, plaintiff seeks reasonable attorneys fees for having to respond to the appeal.

DISCUSSION AND LAW
Defendant argues that the trial court erred in ordering it to pay pre-insolvency interest in light of Louisiana Revised Statute 22:1379(3)(d), as amended in 1990, which provides:
"Covered claim" shall not include any claim based on or arising from a pre-insolvency obligation of an insolvent insurer, including but not limited to contractual attorneys' fees and expenses, statutory penalties and attorneys' fees, court costs, interest and bond premiums, or any other *488 expenses incurred prior to the determination of insolvency.
The petition forming the basis for this litigation was filed August 23, 1991. Thus, in accordance with the definition of covered claim given in the amended statute, LIGA cannot be held liable for payment of interest incurred prior to a determination of insolvency. Hill v. Sampson, 628 So.2d 81, 85 (La.App. 2nd Cir.1993), Rochel v. Terrebonne Parish, 93-0383 (La.App. 1 Cir. 5/20/94); 637 So.2d 753, 758.
Appellee's argument that Buggage v. Yellow-Checker Cab Co., 623 So.2d 906 (La.App. 4th Cir.1993) supports a finding that LIGA must pay legal interest from the date of judicial demand because of the settlement agreement has no merit. The only issue considered by the court in Buggage, Id. was whether an insurer's pre-insolvency settlement agreement was a covered claim under R.S. 22:1379(3)(d), thus requiring LIGA to honor such a settlement. In the instant case, the issue of whether LIGA was required to honor the settlement agreement was not disputed, rather, LIGA had already agreed to pay. The only issue before the trial court was whether LIGA's failure to pay timely required that LIGA pay interest from the date of judicial demand. Because La.R.S. 22:1379(3)(d) specifically excludes interest incurred prior to the determination of insolvency from the definition of a covered claim, the trial court erred in ordering LIGA to pay interest from the date of judicial demand.
Appellee argues that the appellant waived the right to appeal the issue of whether the provisions of La.R.S. 22:1379(3)(d) are applicable because appellant did not plead the provisions of this statute as an affirmative defense. We disagree.
An affirmative defense raises new matter which, assuming the allegations in the petition to be true, constitutes a defense to the action and will have the effect of defeating plaintiff's demand on its merits. Webster v. Rushing, 316 So.2d 111, 114 (La.1975).
La.C.C.P. article 22:1379(3)(d) is not an affirmative defense required to be specifically pleaded by the appellant because it is not a defense to the action which will have the effect of defeating plaintiff's demand on its merits. It is simply a statement of a legal principle which must be utilized when determining the amount of recovery. Thus, appellant had no duty to plead La.R.S. 22:1379(3)(d) as an affirmative defense.
Appellee also argues that provisions of La.C.C.P. article 2085 preclude LIGA from appealing because LIGA acquiesced to the adverse judgment. La.C.C.P. article 2085 provides:
An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment.
Appellee argues that appellant acquiesced in the judgment because it filed no objection to the motion to make the settlement a judgment of the court. Further, at the hearing on the motion to make the settlement a judgment of the court, LIGA stated that it had no argument against the Buggage case.
Our review of the entire transcript of the hearing on the motion to make the settlement a judgment of the court leads us to conclude that the appellant did not acquiesce to a judgment ordering LIGA to pay pre-insolvency interest.
The following remarks specifically negate any suggestion that LIGA acquiesced in the payment of interest. In response to counsel for appellee's opening remarks concerning a settlement with Automotive Casualty, counsel for LIGA stated:
... LIGA doesn't have to respond to the judgment made between him and Automotive. So our suggestion is that the judgment of this Court renders interest from the date that the settlement between LIGA and the plaintiff was made, which was October, I think, of this year. We're not held responsible for what Automotive did in their negotiations.
This exchange supports a finding that LIGA was only willing to acquiesce in a judgment ordering the payment of interest *489 from the date of the settlement between LIGA and plaintiff. The fact that the appellant erroneously agreed with the appellee that the Buggage case was not distinguishable does not constitute a voluntary and unconditional acquiescence.
Assuming arguendo that LIGA acquiesced to the principal amount of the settlement, the principal and the interest are divisible, and Article 2085 of Louisiana Code of Civil Procedure allows appeal where a party acquiesced in part to a divisible judgement. Thus, appellant is not precluded from appealing that portion of the judgment ordering it to pay pre-insolvency legal interest.
Finally, appellee argues that pursuant to La.C.C.P. article 2164 he is entitled to an award for attorney's fees due to the frivolous nature of defendant/appellant's appeal. Inasmuch as the appellant prevails on appeal, it is apparent that the appeal is not frivolous.
The judgment of the trial court making the settlement agreement of the parties a judgment of the court is affirmed. That portion of the judgment ordering LIGA to pay legal interest from the date of judicial demand is reversed.
AFFIRMED IN PART AND REVERSED IN PART.